IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL WILLIAMS, :
    Petitioner :
: CIVIL ACTION
v. : NO. 15-6505
:
COMMONWEALTH OF :
PENNSYLVANIA, et al., :
    Respondents. :

## ORDER

AND NOW, this 24th day of May, 2019, upon consideration of the Petition for Writ of Habeas Corpus (ECF No. 1), the Commonwealth's Response thereto (ECF No. 6), the Report and Recommendation of United States Magistrate Judge Carol Sandra Moore Wells (ECF No. 27), Petitioner's Objections thereto (ECF No. 28), the Commonwealth's Response to Petitioner's Objections (ECF No. 31), and Petitioner's Motion for Appointment of Counsel (ECF No. 25), it is hereby ORDERED that:

    1. Petitioner's Objections are OVERRULED;[1]

---

[1] After having been convicted for operating a methamphetamine lab, Pet. 1 (ECF numbering used with respect to the Petition), Petitioner Michael Williams, an inmate at the State Correctional Institution ("SCI") in Frackville, PA, filed a *pro se* habeas petition under 28 U.S.C. § 2254. Petitioner seeks to have the charges against him dropped, his sentence vacated, and the assistant district attorney on his case prosecuted for falsification of evidence. Pet. 15.

Upon referral from this Court, the Honorable Carol Sandra Moore Wells, United States Magistrate Judge, prepared a Report and Recommendation, recommending denial of Petitioner's request for habeas relief. (ECF No. 27.) Petitioner filed objections to Judge Wells' recommendation. (ECF No. 28.) Respondents answered Petitioner's objections. (ECF No. 31.)

When objections are filed to the R&R of a Magistrate Judge, the district court must conduct a *de novo* review of those portions of the R&R to which objections are made. 28 U.S.C. §636(b)(1). If there are no objections to the R&R, or when reviewing those portions of the R&R to which no objections are directed, the court, as a matter of good practice, should "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P.

2. The Report and Recommendation is APPROVED AND ADOPTED;

3. The Petition for a Writ of Habeas Corpus is DISMISSED and DENIED, without an evidentiary hearing;

---

72(b), advisory committee notes; *see also Oldrati v. Apfel,* 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) ("In the absence of a timely objection . . . this Court will review [the Magistrate's] Report and Recommendation for 'clear error.'") (citations omitted). "Objections which merely rehash an argument presented to and considered by a magistrate judge are not entitled to de novo review." *Gray v. Delbiaso*, CIVIL ACTION NO. 14-4902, 2017 U.S. Dist. LEXIS 101835, at *11 (E.D. Pa. Jun. 30, 2017). "Where objections do not respond to the Magistrate's recommendation, but rather restate conclusory statements from the original petition, the objections should be overruled." *Prout v. Giroux*, CIVIL ACTION NO. 14-3816, 2016 U.S. Dist. LEXIS 57085, at *30 (E.D. Pa. Apr. 29, 2016). "[F]ederal district courts are not required to engage in de novo review of objections to a Magistrate's R&R that lack specificity." *Guzman v. Rozum*, CIVIL ACTION NO. 13-7083, 2017 U.S. Dist. LEXIS 55661, at *22 (E.D. Pa. Apr. 12, 2017). Courts should give liberal construction to pro se habeas petitions. *Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010).

Petitioner raises five topics in his Objections. He argues the results of his trial are based on perjury. Obj. 1-3, 6 (Petitioner's numbering used with respect to the Objections). He argues he was the victim of prosecutorial misconduct. Obj. 3. He argues his conviction is based on an unconstitutional search and seizure and his trial counsel was ineffective. Obj. 3-5. Finally, he attacks the reliability of the evidence used to convict him. Obj. 7-9. However, Petitioner's objections are generally not responsive to Judge Wells' Report and Recommendation. They do not discuss the reasoning or the law employed by Judge Wells. Rather, they rehash arguments Petitioner presented in his habeas petition. *Compare* Pet. 5 *with* Obj. 3-5 (both arguing ineffective assistance of counsel), Pet. 5 *with* Obj. 2-4 (both arguing the prosecution suborned perjury), Pet. 7, 11 *with* Obj. 7-9 (both arguing forensic scientist testimony and laboratory test results were not reliable evidence), Pet. 5, 9, 11 *with* Obj. 3-5 (both arguing illegal search and seizure due to lack of valid warrant). *See also* Obj. 1 (discussing errors in the trial process, not errors in the Report and Recommendation). Because Petitioner's objections rehash arguments from his habeas Petition, they are overruled. *Gray*, 2017 U.S. Dist. LEXIS at *11; *Prout*, 2016 U.S. Dist. LEXIS at *30. Furthermore, even under a liberal reading, Petitioner's objections lack specificity, point to no supporting evidence, and are conclusory. They are overruled for those reasons as well. *Guzman*, 2017 U.S. Dist. LEXIS at *22; *Prout*, 2016 U.S. Dist. LEXIS at *30.

Having overruled Petitioner's Objections, this Court does not conduct a *de novo* review but rather reviews Judge Wells' Report and Recommendation for clear error. Finding none, this Court approves and adopts same.

4. Petitioner has neither shown denial of a federal constitutional right, nor established that reasonable jurists would disagree with this court's procedural disposition of his claims. Consequently, a certificate of appealability is DENIED; and,

5. Petitioner's Motion for Appointment of Counsel is DENIED.

IT IS SO ORDERED.

BY THE COURT:

/s/ C. Darnell Jones, II  
C. Darnell Jones, II    J.